■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY MENDOLA, Appellant.— Upon remission from the Court of Appeals (2 N Y 2d 270) judgment of conviction reversed on the facts and in the exercise of this court's independent discretion and a new trial granted in the interests of justice. Memorandum: When the original appeal in this case was before us we decided that the defendant was entitled to reversal and a new trial as a matter of law. (*People* v. *Mendola*, 1 A D 2d 413.) The Court of Appeals reversed our determination on the ground that there was a matter of discretion involved which should have been reviewed by this court, and remitted the matter to this court for the purpose of determining whether or not a new trial should be ordered in the interests of justice. (Code Crim. Pro., § 527.) We now hold that the judgment of conviction should be reversed and that the defendant be given a new trial in the interests of justice. All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ In the Matter of NORMAN V. GARRY, Petitioner, against JOHN DOMINO et al., Constituting the Board of Trustees of the Village of Depew, Respondents.— Proceeding held and matter remitted to the board of trustees of the Village of Depew for the taking of proof relating to the alleged finding of fact made in the last paragraph of the findings of fact to the effect that the facts upon which the charges were based were not known to the board of trustees more than 60 days before the charges were brought. All concur. (Review of the action of the board of trustees of the Village of Depew in dismissing petitioner from his position as chief of police, which proceeding was transferred to the Appellate Division for determination by order of Erie Special Term.) Present — McCurn, P. J., Vaughan, Kimball and Bastow, JJ.